UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOHAMMAD SALEM                                    CIVIL ACTION

VERSUS                                            NO: 22-612

UNITED PROPERTY &
CASUALTY INSURANCE CO.                            SECTION: "H"

ORDER AND REASONS

Before the Court is Plaintiff Mohammad Salem's Motion to Remand (Doc. 21). For the following reasons, the Motion is **DENIED**.

BACKGROUND

On January 21, 2022, Plaintiff filed a petition in the 24th Judicial District Court for the Parish of Jefferson, seeking damages from Defendant United Property & Casualty Insurance Company ("UPC") for "property damage, breach of contract and related loses as a result of the devastating effects of Hurricane Ida."[1] Plaintiff alleges that Defendant insured his immovable property located at 3609 Lake Michel Court, Gretna, Louisiana ("the Property") under Policy No. ULH 5540504-05, which was in effect at the time Hurricane Ida damaged the Property.

---

[1] Doc. 1-1 at 3.

1

Defendant removed this action on March 10, 2022 to the United States District Court for the Eastern District of Louisiana on the basis of diversity jurisdiction. Following removal, Defendant was ordered into receivership for the purposes of liquidation by the Second Judicial Circuit Court in Leon County, Florida. Plaintiff filed the instant Motion to Remand on October 13, 2023, arguing that this Court lacks diversity jurisdiction after Louisiana Insurance Guranty Association ("LIGA") stepped into the shoes of Defendant following its insolvency. Defendant UPC—the sole defendant presently named in this matter—has not filed an opposition into the record.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Plaintiff argues that this Court must remand this case because it lacks diversity jurisdiction after "the insolvency of Defendant UPC, and Louisiana Insurance Guaranty Association stepping into the shoes of Defendant."[6]

---

[2] 28 U.S.C. § 1441(a).
[3] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*
[5] *Id.*
[6] Doc. 21-1 at 2.

District courts have diversity jurisdiction where the amount in controversy exceeds $75,000, and where the parties are "citizens of different states."[7] To meet the requirements of § 1332, the parties must have complete diversity—all plaintiffs must be citizens of different states than all defendants.[8] A person is a citizen of the state where domiciled.[9] A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[10]

Plaintiff does not dispute that the amount in controversy exceeds $75,000 or that he is a citizen of Louisiana and UPC is a citizen of Florida. Plaintiff appears to make the argument that, because LIGA, by operation of statute, steps into the shoes of UPC following its insolvency, LIGA should be treated as a defendant for diversity jurisdiction purposes. However, Plaintiff has not sought leave to amend his complaint and add LIGA as a named defendant. While LIGA steps into an insolvent insurer's shoes for the insurer's obligations on covered claims, diversity jurisdiction remains "if there is complete diversity between all *named* plaintiffs and all *named* defendants."[11]

Because the sole named defendant is a citizen of a different state than the sole plaintiff in this action, there is complete diversity between the parties. Thus, this Court retains its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[7] 28 U.S.C. § 1332(a).
[8] Strawbridge v. Curtiss, 7 U.S. 267 (1806).
[9] Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).
[10] 28 U.S. C. § 1332(c)(1).
[11] Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (emphasis added). *See also* La. Ins. Guar. Ass'n v. Dir., Office of Workers' Comp. Programs, 614 F.3d 179, 187 (5th Cir. 2010) (citing LA. REV. STAT. § 22:2058).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.


New Orleans, Louisiana this 30th day of November, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**