UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOHAMMAD SALEM** ) <br> Plaintiff, ) <br> ) <br> **VERSUS** ) <br> ) <br> ) <br> **UNITED PROPERTY & CASUALTY** ) <br> **INSURANCE COMPANY** ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 2:22-cv-00612 <br><br> SECTION: H (5) <br><br> JUDGE: JANE T. MILAZZO <br><br> MAGISTRATE JUDGE: <br> MICHEAL B. NORTH |

*************************************************************************

## FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

**NOW INTO COURT**, through undesigned counsel, comes Plaintiff, **MOHAMMAD SALEM**, who respectfully represents the following amended Complaint, to wit:

I.

Petitioner adds the following defendant to the action:

Made defendant herein is **LOUISIANA INSURANCE GUARANTY ASSOCIATION ("LIGA")**, a Louisiana unincorporated entity that can be served through personal service on Executive Director John Wells or LIGA's claim manager Deidre Arceneaux, at its principal place of business 2142 Quail Run Drive Baton Rouge, LA 70808-4126.

Upon information and belief, Defendant **LIGA** is a Louisiana unincorporated entity with its principal place of business in Baton Rouge, Louisiana. Upon information and belief, **United Property & Casualty Insurance Company,** Plaintiff's original insurer of the property, was ordered into receivership for purposes of liquidation by the Second Judicial Circuit Court in Leon County, Florida. Therefore, **LIGA** has a statutory obligation to the Plaintiff under Louisiana Law. As such, for citizenship purposes, Defendant **LIGA** is a citizen of Louisiana.

1

II.

Petitioner desires to amend the original Petition for Damages to read as follows:

9.

**United Property & Casualty Insurance Company** insured the property of Plaintiff, located at 3609 Lake Michel court Gretna, Louisiana 70065 under a Policy of insurance, which was in full force and effect on October 29, 2020 and August 29, 2021.

10.

Where used herein, **LOUISIANA INSURANCE GUARANTY ASSOCIATION ("LIGA")** refers to not only the named entity but to anyone acting for or on behalf of **LIGA** or **United Property & Casualty Insurance Company** in relation to the claim of the Plaintiff, including the employees, contractors, adjusters, and agents of **LIGA** or anyone providing services to **LIGA** relating to the claims of the Plaintiff, including but not limited to the Third-Party Administrator of **LIGA.**

11.

Hurricane Zeta was a category 3 hurricane which struck Gretna, Louisiana on October 29, 2020. Hurricane Ida struck the Gulf Coast, including Gretna, Louisiana, on August 29, 2021, making landfall around 11:55 A.M. on August 29th near Port Fourchon, Louisiana, as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

12.

The above property was damaged as a result of winds associated with Hurricane Zeta and Ida. **LIGA** is liable to Plaintiff because the hurricane damage is a "covered claim" under La. R.S. 22:2055(6)(a), which defines a "covered claim" as: (a) an unpaid claim, including one for unearned premiums that arises out of and is within the coverage and not in excess of the applicable limits of

an insurance policy to which [the LIGA Law] applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970, and the policy was issued by such insurer and any of the following: (i) A claimant or insured is a resident of this state at the time of the insured event, provided that, for entities, the residence of a claimant or insured is the state in which its principal place of business is located at the time of the insured event; (ii) The claimant is a self-insurer, including an arrangement or trust formed under R.S. 23:1191 et seq., and is principally domiciled in this state at the time of the insured event; or (iii) The claim is a first party claim for damage to property with a permanent location in the state of Louisiana. Here, claimant has at all times been a resident of Louisiana, including at the time of Hurricane Zeta and Ida. Second, the property of the Plaintiff is in fact, permanently located in Louisiana. Therefore, because Hurricane Zeta and Hurricane Ida are insured event, Plaintiff's original insurer had been placed into receivership, and both the Plaintiff and Plaintiff's property were at all times situated in Louisiana, **LIGA** is the proper party to pay all exigible claims to Plaintiff.

13.

Following Hurricane Zeta and Hurricane Ida, **LIGA** was notified of the loss to the Plaintiff's property and provided satisfactory proof of loss by filing proof of loss with LIGA as well as when **LIGA** was given access to inspect all damages at the insured property without limitation.

14.

**LIGA** prepared an estimate which misrepresented the extent and nature of the damage to the home and underestimated the amount needed to repair the home as supported by estimates Plaintiff was forced to procure to repair the home.

15.

On or about October 5, 2021, Noble Public Adjusting Group, the public adjuster retained by Plaintiff, prepared an estimate of the damages to the home. The estimate approximated damages in the amount of $169,566.06. This estimate, along with objective photographs of the damages, were promptly provided to **LIGA**.

16.

To date, **LIGA** has failed to fully pay for the damages sustained to Plaintiff's property.

**CLAIM FOR BREACH OF CONTRACT**

17.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

18.

**LIGA** undeniably owes Plaintiff the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above-designated policy and has failed to tender the full amounts owed unconditionally.

19.

**LIGA** is in breach of its obligations to Plaintiff under the insurance policy by its failure to pay timely the amounts owed under the policy.

20.

In addition to amounts reflected in proofs of loss already received by **LIGA**, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs, and mitigation expenses, expenses incurred due to the

enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments, and any applicable deductible.

**VIOLATIONS OF LA. R.S. §22:1973**

21.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

22.

Louisiana Revised Statute § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing, which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured **within sixty (60)** days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two times the damages sustained.

23.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured in order to satisfy its payment obligations under the above-referenced statutes.

24.

More than thirty and sixty days have elapsed since **LIGA** first received satisfactory proof of loss of all of Plaintiff's claims, and **LIGA** still has not made an unconditional tender of all amounts owed, thereby triggering the application of the penalties found in the above-referenced statutes.

25.

As a result of **LIGA's** failure to timely pay the amounts owed, Plaintiff has suffered and continues to suffer damages for which **LIGA** is liable, including but not limited to mental anguish, aggravation, and inconvenience, for **LIGA's** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiff within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

26.

In addition to actual damages for its Violation of Louisiana Revised Statue § 22:1973, **LIGA** is additionally liable to the Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

27.

**LIGA** is and continues to be in violation of Louisiana Revised Statute § 22:1973 and is liable unto Plaintiff under this statute.

**LOUISIANA UNFAIR TRADE PRACTICES ACT**

28.

LUTPA provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.[1] LUTPA also provides for a private cause of action by permitting any person who suffers ascertainable loss from a deceptive or unfair practice to bring an action for the recovery of actual damages.[2] This legislation is broadly and subjectively stated and does not

---

[1] La. R.S. 51:1401 et. seq.
[2] La. R.S. 51:1409.

specify violations. What constitutes an unfair trade practice is determined by the courts on a case-by-case basis.

29.

A practice is unfair under LUTPA when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious.[3]

30.

To prevail in a LUTPA claim, a claimant must prove some element of fraud, misrepresentation, deception, or other unethical conduct. In addition to actual damages, LUTPA allows a successful claimant to recover court costs, attorneys' fees, and potentially treble damages.

31.

**LIGA** has violated LUTPA by keeping undisputed funds owed to the Plaintiff, while using its status as potentially immune from penalties and attorney's fees to deny and underpay claims on behalf of various insurers systematically.

**WHEREFORE**, after due proceedings, Plaintiff **MOHAMMAD SALEM** prays for judgment in his favor against Defendant **LOUISIANA INSURANCE GUARANTY ASSOCIATION**, finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy.

---

[3] Levine v. First Nat. Bank of Commerce, 948 So.2d 1051, 1065-1066, (La.12/15/2006) (internal citations omitted).


Respectfully submitted,

/s/ *Mark G. Montiel, Jr.*

_____
MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
JACK F. GRIFFIN (#40382)
LAWSON NGUYEN (#40469)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Facsimile: (504) 308-0511
mmontiel@montielhodge.com
stalley@montielhodge.com
jgriffin@montielhodge.com
lnguyen@montielhodge.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel in the above styled case, do hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail or electronic mail on this 14th day of February, 2024.

/s/ *Mark G. Montiel, Jr.*

_____
**MARK G. MONTIEL, JR.**

**Service will be made on Defendant:**
**LOUISIANA INSURANCE GUARANTY ASSOCIATION**
Through personal service on its claims manager Deidre Arceneaux
2142 Quail Run Drive
Baton Rouge, LA 70808-4126